## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW MEXICO

CHRIS WILLIAMS,

      Plaintiff,

      vs.                                           Civ. No. 23-887 SCY/GJF

SPROUTS FARMERS MARKETS, LLC, AND
SFM, LLC, d/b/a SF MARKETS, LLC,

      Defendants.

### <u>ORDER TO AMEND</u>

THIS MATTER is before the Court *sua sponte* following its review of the Notice of Removal.  ECF 1.  Defendants removed this action to federal court citing diversity jurisdiction. *Id.*  The Court has a duty to determine *sua sponte* whether subject matter jurisdiction exists. *See Tuck v. U.S. Auto. Ass'n*, 859 F.2d 842, 844 (10th Cir. 1988).  Having considered the Notice and the applicable law, the Court concludes that the Notice fails to allege the necessary facts to sustain diversity jurisdiction.

Under 28 U.S.C. § 1332(a), federal courts have "original jurisdiction in all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs and is between citizens of different States."  The burden of establishing diversity jurisdiction falls "on the party asserting it." *Hertz Corp. v. Friend*, 559 U.S. 77, 96 (2010).  The same goes for removal jurisdiction. *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001), *abrogated on other grounds by Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547 (2014).

The Notice alleges that both Defendants are LLCs, or limited liability companies, that are incorporated outside of New Mexico and with principal places of business outside of New Mexico.

ECF 1.  But determining the citizenship of an LLC is different from determining the citizenship of a corporation under § 1332.  Although a corporation is considered a citizen of the state(s) in which it was incorporated and in which it maintains its principal place of business, an LLC is a citizen of each and every state in which *any member* is a citizen. *Compare* 28 U.S.C. § 1332(c), *with Siloam Springs Hotel, LLC v. Century Sur. Co*., 781 F.3d 1233, 1237–38 (10th Cir. 2015) (remanding to the district court to determine the citizenship of all the members of the plaintiff limited liability company).  If Defendants are LLCs, the Notice requires supplementation because it fails to allege the citizenship of every LLC member.

Additionally, Federal Rule of Civil Procedure 7.1(a)(2) requires that

In an action in which jurisdiction is based on diversity under 28 U.S.C. § 1332(a), a party or intervenor must, unless the court orders otherwise, file a disclosure statement. The statement must name--and identify the citizenship of--every individual or entity whose citizenship is attributed to that party or intervenor:
**(A)** when the action is filed in or removed to federal court, and
**(B)** when any later event occurs that could affect the court's jurisdiction under § 1332(a).

Defendants have not filed such disclosure statements, so the Court in unable to determine their citizenship.

Accordingly, the Court will give Defendants an opportunity to file an amended Notice of Removal and will give Defendants an opportunity to file corporate disclosure statements to allege facts necessary to sustain diversity jurisdiction.  *Hendrix v. New Amsterdam Casualty Co.*, 390 F.2d 299, 300–02 (10th Cir. 1968) (permitting amendment of notice of removal to allege principal place of business of the defendant, along with citizenship, rather than mere residence, of the plaintiff); *Buell v. Sears, Roebuck & Co.*, 321 F.2d 468, 471 (10th Cir. 1963) (permitting amendment after appeal to allege corporation's principal place of business); *see also* 28 U.S.C. § 1653 ("Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate

courts.").  If either Defendant is not an LLC, it should instead file a notice clarifying what type of entity it is.

       **IT IS THEREFORE ORDERED** that Defendants shall amend their Notice of Removal no later than October 27, 2023 to comply with Federal Rule of Civil Procedure 11.

       **IT IS FURTHER ORDERED** that Defendants shall file corporate disclosure statements that comply with Rule 7.1(a)(2) no later than October 27, 2023.

       **SO ORDERED.**

_____
THE HONORABLE GREGORY J. FOURATT
UNITED STATES MAGISTRATE JUDGE