IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CHRIS WILLIAMS,

    Plaintiff,

vs.　　　　　　　　　　　　　　　　　　　　　　　23CV00887 KG/GJF

SPROUTS FARMERS MARKETS, LLC, ET AL.,

    Defendants.

## ORDER OF REMAND

This matter comes before the Court *sua sponte* after the parties telephonically appeared for a status conference on April 22, 2024, before the Honorable Gregory J. Fouratt. Plaintiff originally filed his Complaint for Personal Inuries [sic] And Other Money Damages in the State of New Mexico, County of Bernalillo, Second Judicial District Court, D-202-CV-2023-07029, against Defendants Sprouts Farmers Markets, LLC, and SFM, LLC, d/b/a SF Markets, LLC. On October 10, 2023, Defendants filed its Notice of Removal to United States District Court for the District of New Mexico, (Doc. 1), asserting complete diversity of citizenship between Plaintiff and all defendants. Subsequent amended Notices of Removal similarly assert complete diversity of citizenship, (Docs. 7, 11).

On April 17, 2024, the parties filed a Stipulated Motion For Leave to Amend Complaint, (Doc. 44), in which Plaintiff seeks to add party defendants Sprouts Farmers Market, Inc.; Isseah Apodaca; Hajjar Management Company, Inc.; Heights Village Realty Trust; and Charles C. Hajjar, Trustee. The Order granting the stipulated motion was entered the following day, (Doc. 45). Upon closer inspection of the Stipulated Motion and attached Complaint for Personal Inuries [sic] and Money Damages, Plaintiff avers "Upon information and belief, Defendant

Isseah Apodaca is a resident of Bernalillo County, State of New Mexico." Noting this potentially fatal jurisdictional flaw in the amended complaint, Judge Fouratt inquired at the status conference on April 22, about the parties intentions.

"Any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant …to the district court of the United States for the district . . . embracing the place where such action is pending." 28 U.S.C. § 1441(a); *Dutcher v. Matheson*, 733 F.3d 890, 984 (10th Cir. 2013). A federal court has jurisdiction of a civil matter "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between . . . citizens of different States . . . ." 28 U.S.C. § 1332(a). Here, the only jurisdictional question stemming from section 1332(a) is whether there is complete diversity in this case and, consistent with the parties' concession before Judge Fouratt, there is not. Indeed, both Plaintiff Williams and Defendant Apodaca are residents of New Mexico. After removing this case but having stipulated to the amended Complaint, defense counsel does not now challenge Defendant Apodaca's joinder to this lawsuit nor does he object to a remand to the Second Judicial District Court. Indeed, defense counsel agreed Defendant Apodaca is a necessary party and his joinder would defeat jurisdiction. (Doc. 52). As a result, this case is remanded to the Second Judicial District Court.

IT IS SO ORDERED.

_____
UNITED STATES DISTRICT JUDGE